## KONIGSBERG v. DAVIS.

(Supreme Court, Appellate Term. February 7, 1908.)

1. TRIAL—TAKING CASE FROM JURY—WEIGHT OF PLAINTIFF'S EVIDENCE.

On a motion to dismiss on plaintiff's evidence alone, his evidence is entitled, not only to belief, but to all favorable inferences that can reasonably be drawn therefrom.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trial, §§ 372–374, 399.]

2. MASTER AND SERVANT—INJURIES TO SERVANT—NEGLIGENCE—EVIDENCE.

An employé was struck by a chain, a part of an elevator leased by and under the control of the employer, and was a part of the place, machinery, and tools used by the employer in his business. The chain had broken about four months before the accident, and had been repaired by a servant. Why it fell was not shown. No one used the elevator, or had anything to do with keeping it in repair, except the employer. The employé was free from contributory negligence. Held to establish a prima facie case of negligence, authorizing a recovery, notwithstanding the existence of the relation of master and servant.

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Jacob Konigsberg against George Davis. From a judgment dismissing the complaint at the close of plaintiff's case, he appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and SEABURY and GERARD, JJ.

Jere Liebermann (William Liebermann, of counsel), for appellant.

Nadal, Carrere & Jones (Edward P. Mowton, of counsel), for respondent.

PER CURIAM. Plaintiff, while in the employ of defendant at the latter's place of business, received personal injuries by being struck by a chain, which fell from its fastening. This chain was part of the equipment of an elevator, leased by and under the exclusive control and management of defendant, and being part of the place, machinery, and tools used by the defendant and his employés in defendant's business. The case was tried before the court and a jury, and the com-

plaint was dismissed upon plaintiff's evidence alone; so that this evidence is entitled, not only to belief, but to all favorable inferences that can reasonably be drawn therefrom.

It appears that the chain had broken once before, about four months before the accident, and had been mended by an employé of defendant. The plaintiff is concededly free from all contributory negligence. Why the chain fell from its fastening is not shown. The elevator was run by an electric battery belonging to defendant. No one used the elevator, or had anything to do with keeping it in repair, except defendant. Under ordinary circumstances the chain should not have broken away from its fastening, and it seems to us that plaintiff made out a prima facie case, which called upon defendant for some explanation. The character of the occurrence and the attendant circumstances established by the testimony, in the absence of explanation, were sufficient to warrant the jury in finding the defendant guilty of negligence. Griffen v. Manice, 166 N. Y. 188, 59 N. E. 925, 52 L. R. A. 922, 82 Am. St. Rep. 630. The fact that the relation of master and servant existed between the parties does not relieve the defendant from liability. We think, under the evidence, that the learned court below fell into error in dismissing the complaint, and should have submitted the question of defendant's negligence to the jury.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.